# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GEICO MARINE INSURANCE
COMPANY,

    Plaintiff,

v.                                          Case No. 8:16-cv-2329-T-27MAP

JAMES SHACKLEFORD,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are GEICO's Motion to Exclude or Limit Expert Witness Testimony (Dkt. 31), and Defendant's Opposition (Dkt. 39). Upon consideration, GEICO's motion (Dkt. 31) is **GRANTED**.

GEICO issued a marine insurance policy covering Defendant's vessel. (Policy, Dkt. 1 at pp. 14-35). Its Complaint seeks declaratory judgment that the policy does not cover a claimed loss because of Defendant's breach of a navigational warranty (Count I), breach of the implied warranty of seaworthiness (Count II), and breach of the duty of utmost good faith. (Count III). (Complaint, Dkt. 1). In its motion, GEICO moves to preclude Defendant from using marine surveyors Steven Berlin and Rich Parrey, or any other person, to present expert opinion evidence because of his failure to comply with the Federal Rules of Civil Procedure and the Case Management and Scheduling Order. (Dkt. 39).

Berlin and Parrey inspected Defendant's vessel and prepared marine survey reports. (Parrey marine survey report, Dkt. 35-2 at pp. 123-142); (Berlin marine survey report and addendum, Dkt. 35-2 at pp. 144-151). Those reports include findings about the vessel's condition and opinions based

on those findings. (*Id.*).

The Case Management and Scheduling Order required the parties to disclose expert witnesses by July 1, 2017. (Dkt. 10). Defendant identified Berlin as a witness who was "[b]elieved to have knowledge of the condition of the vessel" in his initial disclosure. (Dkt. 31 at p. 2). His initial disclosure did not identify Parrey as a witness, or identify any witnesses who would present expert opinions. (*Id.*). Defendant served Answers to Plaintiff's First Set of Interrogatories on January 13, 2017. (*Id.* at p. 3). His answers identified Parrey and Berlin as witnesses with knowledge of "seaworthiness of vessel as of date of his report and thereafter." (*Id.*). One interrogatory asked if Defendant intended to call any expert witnesses, to which he replied "[y]es, but unknown at this time." (*Id.*).

Defendant never provided a Rule 26(a)(2) expert disclosure or report for any witness.[1] And Berlin and Parrey's marine survey reports do not qualify as Rule 26(a)(2)(B) reports because the reports do not state their qualifications, a list of cases in which they have testified as experts, or the compensation they are to be paid. (Survey reports, Dkt. 35-2 at pp. 123-151).

GEICO also argues that Parrey should be precluded from presenting expert opinion evidence because his opinion that the vessel is "a good insurance risk for its intended use" is irrelevant, particularly with respect to GEICO's claim that Defendant breached an implied warranty of

---

[1] "[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *Id.* at 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders." *Id.* at 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The revelation of a witness' name is not sufficient to discharge a party's Rule 26 obligation to identify expert witnesses. *See Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008).

seaworthiness. (Dkt. 31 at p. 7). A seaworthy vessel is one that "is reasonably fit for the intended use." *Aguirre v. Citizens Cas. Co. of N.Y.*, 441 F.2d 141, 144 (5th Cir. 1971).[2]

Defendant ostensibly opposes GEICO's motion, although he contends that Berlin and Parrey are not expert witnesses. (Dkt. 39). He does not dispute that he failed to comply with the disclosure requirements of Rule 26 and the Case Management and Scheduling Order. Nor does he argue that his failure was substantially justified or harmless. Accordingly, it is unnecessary to consider the guiding factors. *See Singletary v. Stops, Inc.*, No. 6:09-cv-1763-Orl-19KRS, 2010 WL 3517039, at *8 (M.D. Fla. Sept. 7, 2010). Rather, he argues that "the reports are evidence of what Geico thought material to removing port risk ashore restrictions" from the policy, and that GEICO's motion is not supported by case law. (Dkt. 39 at ¶¶ 9, 11) (citing *Reliance Nat'l Ins. Co. (Europe) Ltd. v. Hanover*, 222 F. Supp. 2d 110, 117 (D. Mass. 2002) (denying cross motions for summary judgment after concluding that whether the insureds satisfied their duty of good faith by providing survey reports and other information was a question of fact that could not be resolved as a matter of law)).

Defendant's first argument is inapposite, because GEICO has not moved to exclude Berlin and Parrey from testifying as fact witnesses or to exclude their reports. Rather, it moves to exclude them from presenting expert opinions. And, contrary to Defendant's second argument, GEICO's motion is supported by binding case law. *See Reese*, 527 F.3d at 1265 (no abuse of discretion in excluding a witness's affidavit containing expert opinions because plaintiff failed to disclose the witness pursuant to Rule 26); *A.A. Profiles, Inc. v. City of Ft. Lauderdale*, 253 F.3d 576, 585 (11th Cir. 2001) (court should have excluded testimony of witness because witness's opinion was

---

[2] Decisions of the Fifth Circuit Court of Appeals prior to September 30, 1981 are binding as precedent within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

irrelevant).

Accordingly, GEICO's Motion to Preclude or Limit Expert Witness Testimony is **GRANTED**. Pursuant to Rules 26(a)(2)(A) and 37(c)(1), Fed. R. Civ. Pro., Defendant is prohibited from using Berlin or Parrey as experts during trial because he failed comply with Rule 26 and the Case Management and Scheduling Order, *see* FED. R. CIV. P. 37(c)(1); *Reese*, 527 F.3d at 1265, and because Parrey's opinion that the vessel was a "good insurance risk for its intended use" is irrelevant to GEICO's claims against Defendant, *see A.A. Profiles*, 253 F.3d at 585. Berlin and Parrey, therefore, are fact witnesses, who may testify to their findings about the condition of the vessel, but without expressing opinions.

**DONE AND ORDERED** this 5th day of December, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

4