UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO MARINE INSURANCE
COMPANY,

    Plaintiff,

v.                                       Case No. 8:16-cv-2329-T-27MAP

JAMES SHACKLEFORD,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Reconsideration (Dkt. 51), directed to the Order denying Plaintiff's Motion for Summary Judgement. The motion (Dkt. 51) is **DENIED**.

In its summary judgment motion, Plaintiff argued that it was entitled to summary judgment on its claim in Count III that Defendant breached the maritime duty of *uberrimae fidei* (utmost good faith). Plaintiff seeks reconsideration solely on that doctrine, contending that the "Court overlooked compelling evidence and case law in reaching its decision." (Dkt. 51, p. 1).

### I. STANDARD

In general, reconsideration is justified only (1) to present newly discovered evidence that was not previously available; (2) to present an intervening change in the controlling law; or (3) to prevent or correct clear error of law or prevent manifest injustice. *Del. Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010).

### II. DISCUSSION

Plaintiff first contends that the Court "appears to have misunderstood GEICO Marine's materiality argument concerning the condition of the vessel at the time the policy was issued." (Dkt.

51, p. 1). Its argument focuses on what it considers to have been an oversight by the Court because the order did not expressly refer to its argument that Defendant was under an obligation to disclose that "the vessel *remained* in the same unseaworthy condition it was in when it was declared a constructive total loss." (*Id.* at p. 3). Plaintiff argues that the vessel was not repaired after it was declared a constructive total loss and Defendant "never brought this information to GEICO Marine's attention." (*Id.*).

Plaintiff's description of Defendant's alleged failure to disclose the condition of the vessel was clearly understood. The Order denying summary judgment quoted in part Plaintiff's contention concerning Defendant's failure to disclose the condition of the vessel:

> GEICO argues that Defendant breached his obligation under either *uberrimae fidei* or the policy by failing to disclose "two critically material facts." (Dkt. 24 at pp. 15-16). According to GEICO, the first material fact is his execution of the settlement agreement with Continental Insurance Company and Boat U.S. on November 10, 2014 relating to the loss that occurred in 2011, which provided that "the Vessel has been determined to be a Constructive Total Loss." (Settlement Agreement and Voluntary Release, Dkt. 24-1 at ¶ 4). The second material fact identified by GEICO is Berlin's marine survey report prepared after his inspection on March 14, 2016 that valued the vessel at $100,000. (Dkt. 24-7 at pp. 46-51).

(Dkt. 46, pp. 15-16). The Order also quoted from Plaintiff's Reply:

> GEICO contends that by failing to disclose these material facts, "[e]ssentially, Shackleford failed to disclose that he was asking GEICO Marine to issue an insurance policy on a wreck."

(*Id.* at p. 17) (quoting Dkt. 41, p. 3). Contrary to Plaintiff's contention, the Court did not focus "only on Shackleford's failure to disclose the existence of the November 2014 Settlement Agreement." (Dkt. 51, p. 3).

The Court's focus was, consistent with Plaintiff's argument, on Defendant's alleged failure to disclose the condition of the vessel when the policy was issued, specifically, that it had been

2

declared a "total constructive loss." Regardless, as discussed in the Order denying summary judgment, there remain issues of material fact on Plaintiff's claim in Count III, and reconsideration is not justified

Plaintiff next contends that "[j]ust six (6) days before he applied to GEICO Marine for the subject policy, Shackelford declared under oath that the vessel had a 'salvage value of $50,000.00.'" (Dkt. 51, p. 4). Plaintiff argues that this omission constituted a material fact concerning the value of the vessel which should have been disclosed. But this argument was available when Plaintiff filed its summary judgment motion. Rather than advance it, Plaintiff devoted its entire argument to its contention that "the vessel was unseaworthy at the inception of the risk" and Defendant failed to disclose that he was "asking GEICO Marine to issue an insurance policy on a wreck." (Dkt. 41, p. 3).

Since this argument was available but not presented, it will not be considered now. "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior" to the ruling on the underlying motion. *Smith v. Ocwen Fin.*, 488 Fed. App'x 426, 428 (11th Cir. 2012). And "[w]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1345 (11th Cir. 2007) (quotation marks and citation omitted, alteration in original).

Last, Plaintiff seeks reconsideration of the finding that the parties "contracted out" of the doctrine of *uberrimae fidei*. (*See* Dkt. 46, p. 15). But this issue was briefed by the parties, with Plaintiff expressly acknowledging that "Defendant maintains that GEICO Marine contracted out of

the duty of utmost good faith by including a policy provision concerning fraud and concealment." (Dkt. 41, p. 1) (citing Dkt. 35, pp. 11-12). In this respect, Plaintiff merely reargues the merits. And even if Plaintiff is correct that the clause in the policy "mirrors the duty of utmost good faith applicable to marine insurance policies," (Dkt. 51, p. 8), the denial of summary judgment because of disputed issues of material fact was correct, for the reasons discussed in the Order denying summary judgment.

**DONE AND ORDERED** this 3rd day of January, 2018.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of record